IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| v. | : | **Civil Action No.** |
| **$11,716 in U.S. CURRENCY,** | : | |
| **Defendant.** | : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANTS *IN REM*

2. The defendant property consists of $11,716 in U.S. Currency (hereinafter, the "Defendant Property").

3.	The Defendant Property was seized at 2714 Lorring Drive, Apt. #201, Forestville, Maryland on April 30, 2012, pursuant to the execution of a court ordered search and seizure warrant and subsequently was placed in the custody of the Drug Enforcement Administration in the District of Maryland where it remains.

## JURISDICTION AND VENUE

4.	Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5.	This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

6.	Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7.	The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8.  The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Granville V. Johnson, Special Agent of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff has such other and further relief as the case may require.

Dated: February 6, 2013

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

*/s/ Stef Cassella / RCR*
_____
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

3

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $11,716.00 in United States currency seized on April 30, 2012.

I, Granville V. Johnson, Special Agent with the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $11,716.00 in United States currency seized on April 30, 2012, constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On July 13, 2011, Prince George's County police officers conducted a traffic stop of a 1997 Lexus LS 400. The driver of the vehicle was Jason Spencer ("Spencer"). The owner of the vehicle was Taleyia Harper ("Harper").

b. Following a search of the vehicle, officers arrested Spencer for possession with the intent to distribute crack cocaine.

c. On February 2, 2012, Spencer informed the Prince George's County Sheriff's Department that his address was 2714 Lorring Drive, Forestville, Maryland.

d. On April 9, 2012, the Prince George's County Police Department's Violent Crimes Recidivist Unit conducted surveillance on Spencer. Spencer had an open warrant through Prince George's County for possession with intent to distribute. Officers observed Spencer walk in and out of building 2714 Lorring Drive, Apt. #201, Forestville, Maryland.

e. Harper is the lease holder for 2714 Lorring Drive, Apt. #201, Forestville, Maryland.

f. Officers also observed Spencer washing a blue 2-door Lincoln. Harper stood next to Spencer as he washed the vehicle. Spencer, Harper, and three children got into the vehicle and departed the area.

g. The blue 2-door Lincoln was registered to Harper.

h. On April 18, 2012, the Prince George's County Police Department obtained a search and seizure warrant for 2714 Lorring Drive, Apt. #201, Forestville, Maryland, signed by Judge Robert W. Heffron.

i. On April 30, 2012, members of the Prince George's County Police Department's Violent Crimes Recidivist Unit executed the court ordered search and seizure warrant at 2714 Lorring Drive, Apt. #201, Forestville, Maryland. Harper was located inside the residence.

j. At the time of the execution of the search and seizure warrant, Spencer was under indictment for possession with intent to distribute and possession with intent to distribute while armed.

k. Officers located and seized a Smith & Wesson .40 caliber SW40VE handgun with magazine.

l. Officers located and seized ten .40 caliber rounds.

m. Officers located and seized one Winchester .357 round.

n. Officers located and seized one marijuana cigarette containing less than one gram of marijuana.

o. Officers located and seized $1,641.00 in U.S. currency inside a kitchen drawer near the stove.

p. Officers located and seized $75.00 in U.S. currency inside a kitchen drawer near the refrigerator.

q. Officers located and seized $10,000.00 in U.S. currency in a hallway closet between two books. The currency was wrapped in ten $1,000 bundles.

r. Officers located and seized a total of $11,716.00 in U.S. currency.

s. On May 2, 2012, a detective conducted a K-9 scan on the seized currency. The scan resulted in a positive alert response for the odor of a controlled dangerous substance.

t. On May 2, 2012, an investigator conducted an electronic detection scan on a sample of the seized currency. The scan resulted in a positive indication for the presence of cocaine.

u. A criminal history check on Spencer revealed approximately six prior drug arrests.

v. An inquiry with the Maryland Department of Labor, Licensing and Regulation for Spencer revealed that Spencer has no current record of income.

w. An inquiry with the Maryland Department of Labor, Licensing and Regulation for Harper revealed that Harper has no current record of income.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE PRINCE GEORGE'S COUNTY POLICE DEPARTMENT, IN REFERENCE TO THE SEIZURE OF $11,716.00 U.S. CURRENCY FROM 2714 LORRING DRIVE, APT. #201, FORESTVILLE, MARYLAND ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Granville V. Johnson
Special Agent
Drug Enforcement Administration

## VERIFICATION

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: February 6, 2013

Stef Cassella /RCK
Stefan D. Cassella
Assistant U.S. Attorney

**MEMORANDUM**

| | |
|---|---|
| DATE: | February 6, 2013 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Naquita C. Ervin<br>FSA Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $11,716 U.S. CURRENCY**<br><br>**Civil Action No.**<br><br>**CATS ID 12-DEA-568310 – GC-12-0252** |

  The United States has filed a forfeiture action against **$11,716 U.S. CURRENCY.** A copy of the Complaint for Forfeiture is attached.

  Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

  Thank you.


Attachment

| U.S. Department of Justice<br>United States Marshals Service | | PROCESS RECEIPT AND RETURN |
|---|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | | COURT CASE NUMBER |
| DEFENDANT<br>$11,716 U.S. Currency | | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN<br>12-DEA-568310 / GC-12-0252 |
|---|---|
| | ADDRESS (*Street or RFD, Apartment No., City, State, and ZIP Code*) |

| SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW: | Number of process to be served with this Form - 285 | |
|---|---|---|
| Naquita C. Ervin, FSA Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number of parties to be served in this case | |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service*)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of: | TELEPHONE NUMBER<br>410-209-4800 | DATE<br>2/6/13 |
|---|---|---|
| [signature] | | |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated.<br>(*Sign only first USM 285 if more than one USM 285 is submitted*) | Total Process<br>No. | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (*See remarks below*).

| Name and title of individual served (*If not shown above*). | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| Address (*complete only if different than shown above*) | Date of Service | Time<br>am<br>pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges<br>(*including endeavors*) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED          SEND ORIGINAL + 2 COPIES to USMS.

1. CLERK OF COURT  2. USMS Record  3. Notice of Service  4. Billing Statement  5. Acknowledgement of Receipt